UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RAYMOND HOWARD-LEAR, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:06-CV-513 TS |
| BILL WILSON, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Raymond Howard-Lear, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his confinement on his criminal conviction in cause number 45G03-0309-FD-191 in Lake Superior Court. The Petitioner contends that he has a state habeas corpus petition currently pending in that court that he originally filed in the LaPorte Circuit Court. He has not yet received a ruling on that state petition. He states that he is confused as to why it was transferred between state courts and he is unhappy with how long it has been pending without ruling. This Court may not review his federal habeas corpus petition because he has not yet exhausted his remedies in state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

As stated in the petition, the Petiioner has a pending state petition which, if granted, could provide him relief. Though he is dissatisfied with the state trial court's delay in reviewing that petition, the facts presented are not sufficient to allege that the state process is ineffective. The whole of the state process is larger than just the state trial court.

> The [Indiana] Supreme Court shall have exclusive jurisdiction over . . . [s]upervision of the exercise of jurisdiction by other courts of the State of Indiana, including the issuance of writs of mandate and prohibition . . ..

IND. R. APP. P. 4(B).

Here, the Petitioner is plainly not entitled to relief on this federal habeas corpus petition because he has not yet obtained a ruling on the merits of his claims and afforded the Indiana Supreme Court the opportunity to review that ruling.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4. Until he has exhausted his state court remedies, these claims are procedurally defaulted.

For the foregoing reasons, the habeas corpus petition is **DISMISSED WITHOUT PREJUDICE** pursuant to Section 2254 Habeas Corpus Rule 4 so that he may exhaust his state court remedies.

SO ORDERED on October 12, 2006.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION